Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Anthony Smith
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
Anthony Smith, on behalf of himself
and all others similarly situated,

                    Plaintiffs,

       v.

Midland Credit Management, Inc.

                    Defendant.
--------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

**INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Midland Credit Management Inc. ("MCM") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Anthony Smith, is an individual natural person who at all relevant times resided in the City of Hoboken, County of Hudson, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. MCM is a Kansas Corporation with its principal place of business located at 350 Camino De La Reina #100, San Diego, CA 92108.

10. The principal purpose of MCM is the collection of debts using the mail and telephone.

11. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. MCM is registered as a debt collector with the State of New Jersey.

13. MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

14. Sometime prior to February 1, 2019, Plaintiff allegedly incurred a debt to Credit One Bank, N.A. ("Credit One") related to a personal credit card account with an account number ending in 5609 (the "Debt").

15. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Credit One.

16. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

17. Plaintiff's credit card account that was issued by Credit One was neither opened nor used by Plaintiff for business purposes.

18. Plaintiff's personal credit card account Debt to Credit One is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

20. The Debt went into default because of non-payment.

21. After the Debt went into default, the Debt was allegedly sold by Credit One to MCM.

22. The Debt was in default when it was allegedly purchased by MCM.

23. MCM claims that they purchased the Debt and are now the entity to whom the Debt is owed.

24. MCM contends that the Debt is in default.

25. The Debt was in default at the time the Debt was allegedly purchased by MCM.

26. Plaintiff disputes the Debt.

27. At all times relevant hereto, MCM acted in an attempt to collect the Debt.

28. On or about February 22, 2019, MCM began reporting the Debt to the three major credit bureaus, Equifax, Experian, and TransUnion (the "Credit Bureaus").

29. MCM reported the Debt to the Credit Bureaus as "In Collection" and with a "Past Due" amount of $1,131.

30. MCM reported the Debt to the Credit Bureaus as a part of their efforts to collect the Debt.

31. MCM's reporting of the Debt to the Credit Bureaus is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32. On or about February 28, 2020, Plaintiff mailed two letters to MCM (the "Letters"). (Annexed and attached hereto as <u>Exhibit A</u> is a copy of the Letters that Plaintiff mailed to MCM, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

33. The Letters concerned the same Debt and stated:

> I am disputing the above referenced debt and refuse to pay it under any circumstances.

34. The Letters were mailed to MCM via first class USPS mail to the the same addresses stated in the Letters.

35. The Letters were received by MCM at their respective addresses in the first or second week of March of 2020.

36. The Letters were not returned to Plaintiff as undeliverable.

37. In March of 2020, MCM had actual written notice from Plaintiff in the form of the Letters attached as Exhibit A that he disputed the Debt.

38. On May 22, 2020, Plaintiff obtained his credit report from TransUnion.

39. On the credit report from TransUnion the Plaintiff obtained on May 22, 2020, MCM was reporting the Debt. (Annexed and attached hereto as Exhibit B is a copy of the relevant portion of the credit report from TransUnion the Plaintiff obtained on May 22, 2020 showing the Debt being reported by MCM)

40. On the credit report from TransUnion the Plaintiff obtained on May 22, 2020, MCM was not reporting that the Debt was disputed.

41. Nowhere does the credit report attached as Exhibit B indicate that the Debt is disputed by the Plaintiff.

42. The credit report from TransUnion the Plaintiff obtained on May 22, 2020 states that MCM last updated their reporting on the Debt on May 12, 2020.

43. Approximately two months prior to May 12, 2020, MCM had actual knowledge in the form of the Letters attached as Exhibit A that Plaintiff disputed the Debt.

44. Despite MCM's actual knowledge that Plaintiff disputed the Debt, MCM continued to report the Debt to the Credit Bureaus without notifying the Credit Bureaus that the disputed Debt was disputed as late as at least May 12, 2020.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692e)

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692 and 1692e(8).

47. 15 U.S.C. §1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

48. MCM violated 15 U.S.C. § 1692e(8) because they failed to communicate to the Credit Bureaus that the Debt was disputed despite having actual written notice in the form of the Letters from the Plaintiff that the Debt was disputed.

49. According to the credit report attached as <u>Exhibit B</u>, on May 12, 2020, MCM reported Plaintiff's Debt to the credit bureaus without notifying the Credit Bureaus that the Debt was disputed. This violated 15 U.S.C. § 1692e(8) because MCM had actual knowledge in the form of the Letters they received from the Plaintiff in March of 2020 that the Debt was disputed. Despite this actual knowledge that the Debt was disputed, MCM did not report the Debt as disputed to the Credit Bureaus in violation of § 1692e(8).

50. The violations of the FDCPA described herein constitute *per se* violations.

51. Plaintiff has alleged a particularized injury because MCM was reporting inaccurate information on his credit report.

52. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive and misleading debt communications and Defendant's violations of the FDCPA resulted in concrete harm to Plaintiff.

53. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. § 1692k because of the above FDCPA violations.

## CLASS ALLEGATIONS

54. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

55. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. The Class is initially defined as (a) all consumers (b) with a New Jersey address (c) who disputed a debt that MCM was reporting to any of the Credit Bureaus (d) after receiving notification of the dispute MCM continued to report the debt to the Credit Bureaus without notifying the Credit Bureaus that the disputed debt was disputed, (e) on or after a date one year prior to the filing of this action.

57. The class definition above may be subsequently modified or refined in an amended complaint or in any motion for class certification.

58. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

    iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and the members of the class originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of

      each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

  iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

  v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and

efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.
2. Adjudging that Defendant violated 15 U.S.C. §§ 1692e and 1692e(8);
3. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. §1692k;
4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
September 15, 2020

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (516) 305-5566
rlg@lawgmf.com